IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEANDRO ESCALANTE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-1871-L-BN** |
| § | |
| **OFFICER PRESTON HAMMEL;** § | |
| **OFFICER NESTOR MUNOZ; and** § | |
| **CITY OF IRVING, TEXAS,** § | |
| § | |
| Defendants. § | |

# ORDER

On April 15, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered, recommending that the court grant Defendants' Motion to Dismiss (Doc. 6) and, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss with prejudice all of *pro se* Plaintiff Leandro Escalante's claims arising from a traffic stop early on the morning of October 14, 2021, that resulted in Irving Police Officer Hammel issuing Plaintiff a traffic ticket that was later dismissed. According to the Report, Plaintiff sues Irving Police Officers Hammel and Munoz (in their individual capacities) and the City of Irving under 42 U.S.C. § 1983 on the grounds that the traffic stop was a seizure that violated the Fourth Amendment to the United States Constitution; that Officer Munoz is liable under a theory of bystander liability; that there was a conspiracy; and that he was maliciously prosecuted in violation of the Fourth Amendment. The Report concludes that the plausibility of these claims begins and ends with the traffic stop itself because, according to Plaintiff's allegations, the stop was justified,

and the officers' subsequent actions were reasonable,[*] so the Fourth Amendment was not violated. The Report further explains in detail why each of Plaintiff's claims as alleged are not legally plausible.

Finally, the Report recommends that all claims by Plaintiff be dismissed with prejudice unless, within the time for filing objections, he seeks leave to amend and explains how he would cure the deficiencies identified. Report 14 (quoting *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

Plaintiff did not file objections to the Report. He, instead, filed two "Motion[s] to Amend[] Complaint" (Docs. 18, 19) on April 29, 2024, that appear to be identical. On May 7, 2024, Plaintiff filed a Motion to Strike (Doc. 20) his two prior motions to amend his pleadings. He also filed a third "Motion for Leave to Amend[] Complaint." (Doc. 21), to which the City of Irving responded on May 13, 2024. The court **grants** Plaintiff's Motion to Strike (Doc. 20) and **strikes** his two prior motions to amend his pleadings (Docs. 18, 19). The court's remaining analysis focuses on whether Plaintiff's third "Motion for Leave to Amend[] Complaint" (Doc. 21), which appears to be substantially identical or similar to his two stricken motions, should be granted.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to

---

[*] Officer "Hammel asked for Escalante's license and insurance and to verify his address, while the stop was prolonged by Escalante's refusal to answer these and similar inquiries generally applicable to a traffic stop." Report 9 (citing Pl.'s Compl. 3-1 at 14-19).

**Order – Page 2**

allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff could have amended his pleadings, once as a matter of course without the court's permission or Defendants' consent, if he had filed an amended complaint within 21 days of Defendants' Motion to Dismiss. Instead of doing so, Plaintiff opted to file a response in opposition to the Motion to Dismiss, and, only after receiving the magistrate judge's Report and recommendation to dismiss all of his claims, did he move for leave to amend. Moreover, like his response to Defendants' Motion to Dismiss, his "Motion to Amend[] Complaint" (Doc. 21) is conclusory in that it simply states he seeks to amend his pleadings "to provide more detail to the factual and legal claims now [he] knows more about the [traffic] stop." Pl.'s Mot. 1.

Plaintiff indicates that he no longer wishes to pursue his claims against the City of Irving, but he would like to amend his pleadings to pursue his current claims against the two Irving Police officers. In addition, he asserts that he would like to amend his pleadings to add new claims against Officers Hammel and Officer Munoz in their official capacity and add Irving Chief of Police Derick Miller as a Defendant. Plaintiff asserts that "[t]he [c]ourt will not find that [his] amendment is futile at this time." Pl.'s Mot. 3. He further asserts that Defendants will not be prejudiced because they can simply refile their Motion to Dismiss if they so choose. Plaintiff, however, fails

Order – Page 3

to explain how he would cure any of the fatal deficiencies detailed in the Report regarding his current claims. He also provides no legal or factual basis to support his new claim(s) against Officers Hammel and Officer Munoz or his request to add the Irving Chief of Police as a party. It is not even clear what claim Plaintiff seeks to assert against the Irving Chief of Police.

Thus, despite having an opportunity to amend his pleadings as a matter of course in response to Defendants' Motion to Dismiss and to show how he would cure the deficiencies identified by the Motion to Dismiss and Report, Plaintiff has yet to demonstrate that he will be able to amend to state any legally viable claims against the current Defendants or the Irving Chief of Police, if he is added as a party. *See Scott*, 16 F.4th at 1209. Additionally, while Plaintiff suggests that he "now . . . knows more about the [traffic stop]," Mot. for Leave 1, and appears to indicate that this will assist him in amending his pleadings, his current Complaint is based on an audio and video recording of the traffic stop and includes a transcription of the traffic stop. Plaintiff's Complaint is also accompanied by photographs or time-stamped still shots of the events leading up to the traffic stop. Plaintiff does not indicate what additional information he has obtained since filing his Complaint that will assist him in amending his pleadings to cure the deficiencies identified by the magistrate judge.

For these reasons, the court questions whether Plaintiff will be able to cure the deficiencies identified by the magistrate judge or allege legally viable claims against any of the current Defendants or Irving Chief of Police Derick Miller. Regardless, given Plaintiff's *pro se* status, the court will give him an opportunity to amend his pleadings. The court, therefore, **grants** Plaintiff's third "Motion for Leave to Amend[] Complaint" (Doc. 21). Accordingly, having considered Defendants' Motion to Dismiss, the pleadings, file, record in this case, Report, and Plaintiff's motions, the court determines that the findings and conclusions of the magistrate judge regarding

**Order – Page 4**

Plaintiff's claims are correct, but because it has decided to allow Plaintiff to amend his pleadings, the findings and conclusions of the magistrate judge are only **accepted in part**. Having determined that Plaintiff should be allowed to amend his pleadings, the court also **denies without prejudice** Defendants' Motion to Dismiss (Doc. 6).

Any amended complaint by Plaintiff must be filed by **June 17, 2024**. *Failure to file an amended complaint by this deadline will result in this action and all claims asserted by Plaintiff against Irving Police Officers Hammel and Munoz and the City of Irving being dismissed with prejudice without further notice pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons stated in the Report. The amended complaint must cure all pleading defects identified by the magistrate judge and state legally viable claims, that is, claims supported by enough factual allegations and specificity to state a claim or claims for relief that are plausible on their face and sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). *Additionally, the amended complaint must include all claims arising out of the October 14, 2021 traffic stop that Plaintiff intends to assert in this action, whether against the current Defendants or other persons/entities.*

**It is so ordered** this 15th day of May, 2024.

Sam A. Lindsay
United States District Judge

Order – Page 5